E-FILED
Tuesday, 07 December, 2021  09:06:36 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHONDA WOODS, | No. 18-cv-3308 |
| Plaintiff, | |
| v. | Judge Sue E. Myerscough |
| BEN PRATER, | Magistrate Judge Tom Schanzle-Haskins |
| Defendant. | |

## <u>JURY INSTRUCTIONS</u>

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

Defendant is being sued as an individual for alleged personal acts. Neither the State of Illinois nor the Illinois Department of Corrections are parties to this lawsuit.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony has been presented to you by live video conferencing, and the plaintiff is appearing for this trial via video conference.  You should give testimony from a witness or party by video the same consideration you would give it had the witness or party appeared and testified here in court.  The fact that a party or witness appears by video is not evidence, and his or her reasons for attending by video conference is not relevant to the issues in this case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from

my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference". A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a correctional officer. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness' memory;
- any interest, bias, or prejudice the witness may have;
- the witness' intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness' testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what she or he said in the earlier statements, as well as in deciding what weight to give the testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or unimportant detail.

You have heard evidence that Plaintiff Rashonda Woods has been convicted of a crime and that witness Leslie Thurow has been convicted of a crime. You may consider this evidence only in deciding whether the testimony of an individual is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Certain demonstrative exhibits have been shown to you. Those items are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence", or when I use the expression "if you find", or "if you decide", this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The Plaintiff, Rashonda Woods, has asserted claims under federal law against the Defendant.   Plaintiff claims that Defendant Prater violated her rights under the Eighth and Fourteenth Amendments of the U.S. Constitution to be free from cruel and unusual punishment by subjecting her to unconstitutional conditions of confinement. Defendant denies violating Plaintiff's rights.

Plaintiff must prove by a preponderance of the evidence that Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold Defendant liable for what others did or did not do.

You may have heard evidence about whether Defendant's conduct complied with Illinois Department of Corrections rules or procedures.

You may consider this evidence in your deliberations. But remember that the issue is whether the Defendant subjected Plaintiff to unconstitutional conditions of confinement, not whether a rule or procedure might have been violated.

To succeed on her claim challenging the conditions of her confinement, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.    The cold temperature in Plaintiff's cell and lack of adequate means to keep warm subjected her to a strong likelihood of serious harm. Exposure to cold temperatures without adequate means to keep warm may constitute serious harm. However, a mere possibility of harm is not a strong likelihood. In assessing the seriousness of the harm, you should consider the severity of the condition and the length of time Plaintiff was exposed to it.

2.    Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed. You may infer this from the fact that the risk was obvious.

3.    Defendant consciously failed to take reasonable measures to prevent harm from occurring.

4.    Plaintiff would not have been harmed if Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

If you find in favor of Plaintiff, Rashonda Woods, on the claim of unlawful conditions of confinement under the United States Constitution, then you must determine the amount of money that will fairly compensate her for any injury that she sustained as a direct result of the Defendant's actions. These are called "compensatory damages".

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others: the physical pain and suffering and the emotional pain and suffering Plaintiff

Rashonda Woods experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded for such injuries. You are to determine an amount that will fairly compensate the Plaintiff for the injury she sustained.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.  Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

The verdict form reads as follows.